**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABDULLO IDIEV,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, et al.,<br><br>　　　　Respondents. | Case No.: 1:25-cv-01030-SKO (HC)<br><br>A-Number: 249-375-827<br><br>ORDER DENYING PETITIONER'S MOTION TO ENFORCE<br><br>(Doc. 19) |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. All parties having consented to the jurisdiction of the Magistrate Judge, on August 26, 2025, the case was assigned to the undersigned for all purposes, including trial and entry of final judgment. (Doc. 12.)

Petitioner filed his habeas petition on August 15, 2025. (Doc. 1.) After briefing by the parties, on November 5, 2025, the Court granted the petition and directed Respondent to provide Petitioner with a bond hearing before an Immigration Judge ("IJ"). (Doc. 16.)

1

On November 19, 2025, Petitioner was provided a bond hearing pursuant to the Court's order. (Doc. 29-1 at 2-17.) The IJ denied release on bond finding Petitioner posed an unreasonable risk of flight. (Doc. 29-1 at 20.)

On December 8, 2025, Petitioner filed a petition which was filed as a new case. Idiev v. Warden, Case No. 1:25-CV-01778-JLT-SKO. Petitioner acknowledges he was provided a bond hearing on November 19, 2025, as ordered, but he contends the bond hearing did not comply with the Court's order. He contends the bond hearing violated his due process rights as follows: (1) he was not provided sufficient notice in violation of 8 C.F.R. § 1003.18(b) and his procedural due process rights; (2) he was not provided a copy of the Court's order which prevented him from properly preparing for the hearing; (3) the Immigration Judge ("IJ") relied on undisclosed evidence; (4) he was denied release on bond with the finding that he was a flight risk despite no evidence in support; (5) the IJ proceeded with the hearing knowing Petitioner had no documents such as the negative asylum order, federal habeas order, and any evidence or motions by Respondents; and (6) he was denied the right to an impartial judge. The District Court determined that the petition must be filed as a motion to enforce judgment. Id. On December 8, 2025, the petition was filed in this case. (Doc. 19.)

On January 29, 2026, the Court construed the amended petition as a motion to enforce judgment and directed Respondent to file a response. (Doc. 25.)  Respondent filed a response on February 12, 2026. (Doc. 29.) Petitioner filed a traverse on March 5, 2026. (Doc. 35.)

I.      BACKGROUND

Petitioner is a native and citizen of Uzbekistan. (Doc. 13-1 at 6.) He entered the United States on April 16, 2024, and applied for admission at the San Ysidro, California port of entry. (Doc. 13-1 at 6.) The immigration officer determined he was ineligible for entry pursuant to Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I), and he was placed into expedited removal proceedings. He is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1). (Doc. 13-1 at 2.)

Petitioner claimed a fear of persecution if he is returned to Uzbekistan and was referred to an asylum officer for interview. (Doc. 13-1 at 2.)  The asylum officer found Petitioner had a credible fear of persecution or torture and placed Petitioner in removal proceedings on May 10, 2024. (Doc. 13-1 at 2.)  Petitioner filed applications for asylum, withholding of removal, and protection under the

Convention Against Torture. (Doc. 13-1 at 2.) The Immigration Court held four hearings on March 12, May 9, June 30, and August 26 in 2025 with respect to his applications for relief wherein Petitioner presented evidence in support. (Doc. 13-1 at 3.) On October 31, 2025, the Immigration Court denied his applications. (Doc. 29-1 at 13.) Petitioner has appealed the decision to the Board of Immigration Appeals ("BIA"). As of the date of this Order, the matter is on appeal and Petitioner remains in detention.

## II.    LEGAL STANDARD

A district court has continuing jurisdiction to enforce its injunction. See Crawford v. Honig, 37 F.3d 485, 488 (9th Cir.1994). The party seeking to enforce the injunction has the burden of showing by clear and convincing evidence that the enjoined party violated a specific provision of the court's order. Kia America, Inc. v. Rally Auto Group, Inc., Case No. 8:22-cv-00109-JVS-JDE, 2022 WL 17185011 at *2 (C.D. Cal. Oct. 20, 2022) (citing FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)). The language in an injunction should be clear such that ordinary persons will know "precisely" what action is proscribed in order to provide sufficient notice to the party being enjoined. Clark v. Coye, 60 F.3d 600, 604 (9th Cir. 1995). "[A]ll ambiguities are resolved in favor of the person [or entity] subject to the injunction." United States v. Holtzman, 762 F.2d 720, 726 (9th Cir. 1985).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." Id. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting Hilario Pankim v. Barr, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." Hernandez, 872 F.3d 976, 981 (9th Cir. 2017).

## III.    DISCUSSION

The Court's order granting the petition stated, in relevant part:

Respondent is ORDERED to provide Petitioner, within thirty (30) days, an individualized bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), at which:

> a. "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," Singh, 638 F.3d at 1203; and

> b. the IJ should consider Petitioner's financial circumstances or alternative conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.

(Doc. 16 at 12.)

Pursuant to the Court's order, Petitioner was provided with a bond hearing within thirty (30) days.  The order was issued on November 5, 2025, and the hearing was held on November 19, 2025.

From the record, it is also apparent Petitioner was provided an individualized bond hearing where the Government bore the burden to prove Petitioner was a flight risk or danger to the community by clear and convincing evidence. At the outset of the hearing, the IJ stated that the proceedings were "ordered pursuant to a habeas order of a federal district court" and "at which the Department bears the burden to prove flight or danger by clear and convincing evidence." (Doc. 29-1 at 5.)  The IJ reiterated the standard later in addressing Petitioner: "It is the Department's responsibility to show, by clear and convincing evidence, that you are either a danger or a flight risk." (Doc. 29-1 at 6.) The IJ concluded that "the Department has proven by clear and convincing evidence that Respondent is such a significant flight risk that no amount of release conditions could sufficiently mitigate that risk." (Doc. 29-1 at 19.) The Ninth Circuit has explained that if the immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss." Martinez v. Clark, 124 F.4th 775, 785 (9th Cir.2024) (cleaned up); See Mendez-Castro v. Mukasey, 552 F.3d 975, 980 (9th Cir. 2009). There is no indication in the record that the IJ misapplied the standard or applied a lesser standard of proof. Thus, the Court's order was followed.

The Court also ordered that the hearing comply with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011). The Court then referenced the burden of proof set forth in

4

Singh, which as discussed above, was satisfied. In Singh, the Ninth Circuit also noted that, in evaluating an alien's flight risk or danger to the community, immigration judges "should . . . look[] to the factors set forth at Matter of Guerra, [24 I. & N. Dec. 37, 40 (B.I.A.2006)]." Singh, 638 F.3d at 1206 (citing Prieto-Romero v. Clark, 534 F.3d 1053, 1065-66 (9th Cir.2008)). In Matter of Guerra, the court set forth several factors to determine whether an alien merits release from bond, including:

> "any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A.2006).

It is clear the IJ considered the Guerra factors in arriving at the decision. She noted: 1) Petitioner had no fixed address, while acknowledging Petitioner intended to live with one of his several friends; 2) He had no previous residence in the United States; 3) He had some family ties including his wife, child, and friends, but otherwise exceedingly minimal ties; 4) He had no record of work, school, assets or property in the United States; and 5) He had no record of immigration violations. (Doc. 29-1 at 19.) Thus, the IJ's decision complied with this Court's order.

Petitioner disagrees with the IJ's decision, but this Court is not tasked with reweighing evidence; the Court's review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan, 2021 WL 308610 at *4. Petitioner has not shown clear legal error by the IJ, or lack of sufficient evidence. As noted above, the IJ set forth the evidence relied upon, and Petitioner does not dispute those facts. The IJ also noted she also relied on the previous decision to deny Petitioner's application for asylum. In the course of considering the application, Petitioner had presented evidence in support of his claims in four separate hearings.

Petitioner raises a number of other claims which are either without merit or beyond the Court's review. He claims he was only provided one hour notice of the actual bond hearing, and this deprived him of the ability to prepare for the hearing. According to documentation submitted by Respondents, however, Respondents served the Notice of Custody Redetermination Hearing in Immigration

Proceedings on November 7, 2025. (Doc. 29-1 at 2). That notice advised Petitioner that the hearing was set for November 19, 2025, at 1:00 p.m.  In addition, Petitioner made no complaint about being unprepared during the hearing.

He also claims Respondents violated his rights by failing to provide him with a copy of the Court's order granting habeas relief. The Court's docket, however, reflects the order was served by mail to Petitioner's address of record on November 5, 2025. (Doc. 16.)

Petitioner further claims he did not have access to certain documents which were marked for identification by the IJ, but the IJ did not rely on or reference those documents in her decision. As noted above, the IJ relied on her review of the Guerra factors and the previous denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. (Doc. 29-1 at 19.)  Petitioner also claims the IJ was impartial, but fails to support this allegation with any reasoning or evidence.

As to the other flaws in the hearing of which Petitioner complains, the proper avenue for relief is an appeal to the BIA. As previously noted, the IJ's decision is in fact currently on appeal to the BIA, and Petitioner has presented all his complaints in that appeal. (Doc. 29-1 at 22-36.) The BIA is better equipped to review the various defects in immigration court procedure. See, e.g., Sanchez-Cruz v. INS, 255 F.3d 775, 780 (9th Cir.2001) ("Challenges to 'procedural errors correctable by the administrative tribunal,' must be exhausted before we undertake review") (quoting Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1995).

In sum, Petitioner has not shown that the Government failed to comply with the Court's order that Petitioner be provided an individualized bond hearing before an IJ where the Government bore the burden of proof by clear and convincing evidence.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's motion to enforce judgment is DENIED.

IT IS SO ORDERED.

Dated:    **March 17, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE